CARLTON, Chief Justice:
This case is before us on petition for writ of certiorari to the Department of Commerce, Industrial Relations Commission, to review the Commission’s reversal of a compensation award.
*530 Petitioner sustained compensable injuries in January and May of 1970. His original claim, however, alleged that the injuries occurred in February and March of that year. At the final hearing on the claim, the Judge of Industrial Claims allowed the dates alleged to be amended. Subsequently, he awarded petitioner permanent partial disability and other benefits.
The Industrial Relations Commission reversed the award on the ground that the employer/carrier “did not receive adequate notice of the amended claim to allow proper preparation of a defense against it.” The Commission also held that the record did not support any acquiescence to the amendment by the employer/carrier. We cannot agree with these conclusions.
The record demonstrates that the employer/carrier knew of only two accidents suffered by petitioner and were aware of the correct dates. It is also obvious from the record that petitioner could not remember the exact dates, that his counsel had attempted to get copies of reports reflecting the correct dates but was unable to do so, and that these dates were not ascertained until, at the hearing, the reports were produced by the employer/carrier. Under these circumstances, it is unquestionable that the employer/carrier did have notice of the actual claim against them.
Even if notice were nor so apparent, we would find that respondents acquiesced to the amendment. When the Judge allowed the dates to be amended, he also proposed a continuance. Counsel for respondents replied:
“If Your Honor please, if the Judge would allow an amendment of the claim instanter to reflect the proper dates of accident, then I would see no reason to continue that as if the case were not dismissed on the basis of improper action. Uh, then I would have no objection to proceeding because the evidence will be the same.”
If allowing the amendment presented a new and different claim which the employer/carrier were unprepared to defend against, as they now contend it did, they were offered additional time to prepare and they refused it. The compensation award, therefore, should not have been reversed on this basis under these circumstances.
This cause is remanded to the Industrial Relations Commission with directions to enter a new order consistent with this opinion.
It is so ordered.
ROBERTS, ERVIN, BOYD and DEKLE, JJ., concur.